HARRIS, Chief Judge.
This case chronicles yet another unhappy end to a long-term marriage. Throughout this marriage, the parties (and their two children) had lived on the husband’s income that never exceeded $14,000 per year. They had been able to accumulate only one marital *157 asset of any consequence — a home worth about $40,000 with an equity of only $3,000. However, as the marriage disintegrated, the husband’s parents died leaving him an estate of over $800,000. The trial court did not indicate that the parties lived together thereafter long enough to establish a new standard of living. The husband’s present income, which is derived solely from the inheritance, is $32,000.
Although the court awarded outright title to the marital home[1] to the wife, the husband has not objected. And although the amount of permanent alimony was contested, we find the amount reasonable and within Canakaris discretion. We also find that the court’s award of custody of the minor child to the mother, indeed a difficult decision for the trial judge, is supported by the record. The father does not contest the amount of child support required of him.
We agree with the husband, however, that it was error to require him to pay off the mortgage on the marital residence awarded to the wife. Although the court characterized this award as a lump sum alimony, there was no basis for this type of alimony in this case. All of the mother’s established needs are met by the award of permanent alimony and child support in an amount approximating the previous income of the entire family.[2]
The trial court, recognizing the fact that the husband’s inheritance was a non-marital asset not subject to equitable distribution, instead attempted to accomplish a partial distribution of this asset by calling it lump sum alimony. We find that lump sum alimony is not an appropriate device to distribute non-marital assets. As the court stated in Canakaris:
A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status. (Emphasis added).
Canakaris, 382 So.2d 1197, 1201 (Fla.1980). The underlying principle of the Canakaris test, therefore, has not been met because the inheritance is not “property acquired during the marriage,” at least in the sense intended by Canakaris — a marital asset. Even if the inheritance was subject to distribution, the only justification supported by the record would be the husband’s unfairness in not sharing the good fortune of his inheritance with his wife of many years. This would be true, however, of any non-marital asset and is insufficient justification for lump sum alimony under Canakaris.
We therefore affirm in part, reverse in part and remand to the trial court to amend the final judgment by eliminating lump sum alimony. We also direct the court to make a record determination of shared parental responsibility and to establish an appropriate visitation schedule.[3]
AFFIRMED in part; REVERSED in part and REMANDED.
PETERSON and THOMPSON, JJ., concur.

. The traditional approach is to award the custodial parent exclusive use of the marital home until the children of the marriage reach majority.

. Based on the testimony of the wife, it is clear that, with the contribution of her live-in friend, she would be able to maintain her previous standard of living and pay the mortgage on the home out of the awarded alimony.

.These errors were conceded.